**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ATIYA KIRKLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>LEXIS NEXIS,<br><br>        Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-8790 (KMW-EAP)<br><br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that her monthly income is $1,250.41 and her expenses total $520.00 per month. IFP Application ¶¶ 1, 8. Plaintiff notes that she does not have other liquid assets, nor does she have a spouse to contribute income or share in expenses, ¶¶ 1-8; and

THE COURT FINDING that because Plaintiff's income is very modest, the Court grants the IFP Application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed without prejudice for failing to state a claim.

While the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

The Fair Credit Reporting Act, ("FCRA"), (of which 15 U.S.C. § 1681s-2 and 15 U.S.C. § 1681i(a)(5)(ii) are part), was enacted to protect consumers from the transmission of inaccurate information and to establish credit reporting practices that encourage the use of accurate, relevant, and current information "in a confidential and responsible manner." *Cabrera v. Nazor*, No. 23-2745, 2024 WL 310523 at *4 (D.N.J. Jan. 25, 2024) (quoting *Ingram v. Experian Info. Sols., Inc.*, 83 4th 231, 236-37 (3d Cir. 2023)).

Plaintiff's Complaint alleges that Defendant violated 15 U.S.C. § 1681s-2 and 15 U.S.C. § 1681i(a)(5),[1] when she discovered that there were 38 inaccuracies on her consumer report. *See* Compl. at Section C; at Section V. Plaintiff asserts that these inaccuracies were subsequently deleted after reinvestigation. *Id.* at Section C.

With regard to 15 U.S.C. § 1681s-2, this section of the FCRA relates to the duty of furnishers to provide accurate information for consumer reports. *See* 15 U.S.C. § 1681s-2. 15 U.S.C. § 1681s-2(a) imposes a duty on the furnisher to provide accurate information, and 15 U.S.C. § 1681s-2(b) imposes a duty on a furnisher to conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances. *Franchino v. J.P. Morgan Chase*

---

[1] The Court notes that Plaintiff asserts a claim pursuant to "15 U.S.C. § 1681i(a)(5)(ii)," however, 15 U.S.C. § 1681i(a)(5) has both an (A)(ii) and (B)(ii) subsection. The Court will address both for the benefit of the *pro se* plaintiff.

2

*Bank, N.A.*, No. 19-20893, 2020 WL 3046318 at *2-3 (D.N.J. Jun. 8, 2020). Plaintiff's Complaint focuses on holding Defendant accountable for not being accurate or verifying the information "before reporting the first time." Compl. at Section V. This complaint is more applicable to section 2(a), which holds in pertinent part: "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate," and "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if—(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A)-(B). However, Section 2(a) can only be enforced through the Government, not through a civil action by an individual consumer. *Cabrera,* 2024 WL 310523 at *4 (quoting *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681s-2(c), -2(d)). It is solely through 15 U.S.C. § 1681s-2(b) that a consumer can bring a private action. *Id.* Because Plaintiff is *pro se*, the Court will assess whether Plaintiff has stated a claim pursuant to 15 U.S.C. 1681s-2(b).

To bring a claim pursuant to 15 U.S.C. § 1681s-2(b), a plaintiff must plead that: 1) she sent notice of the disputed information to the consumer reporting agency, 2) the consumer reporting agency then notified the defendant furnisher of the dispute, and 3) the furnisher failed to investigate and modify the inaccurate information. *Franchino,* 2020 WL 3046318 at *3. Here, Plaintiff asserts that Defendant, in fact, reinvestigated and modified the inaccurate information. *See* Compl. at Section C. Therefore, Plaintiff does not have a claim pursuant to 15 U.S.C. § 1681s-2(b).

With regard to 15 U.S.C. § 1681i(a)(5) the statute provides in pertinent part:

"[t]reatment of inaccurate or unverifiable information. [. . .]

3

> (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall— [. . .]
>
>> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.
>
> (B) Requirements relating to reinsertion of previously deleted material. [. . .]
>
>> (ii) Notice to consumer. If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency.

15 U.S.C. § 1681i(a)(5)(A)(ii); (B)(ii). The Court notes that both provisions require prompt notification: (A)(ii) requires the credit reporting agency to notify the furnisher that the information provided was modified or deleted, and (B)(ii) requires the credit reporting agency to notify the consumer if deleted information was reinserted. Plaintiff's Complaint does not allege any facts to suggest that these provisions were violated.

Overall, the Court notes that, while consumer reporting agencies and furnishers are required pursuant to the FCRA to have systems in place to avoid reporting inaccurate information, only the Government can pursue the reporting agencies and furnishers for failing to provide accurate information or for failing to verify information "before reporting the first time." Therefore,

IT IS HEREBY on this ___ day of September, 2024,

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to further amend her Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that if Plaintiff does not amend her Complaint within 30 days, the Clerk of Court is directed to close the case without further Order from the Court; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge